UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

DONTE WALKER,

      Defendant.

**DECISION AND ORDER**
18-CR-237-A

---

  The defendant, Donte Walker, is charged in an Indictment with one Count of participating in a drug-trafficking conspiracy involving more than a kilogram of heroin (along with unspecified amounts of some fentanyl analogues), four substantive distribution Counts, and one Count of maintaining a drug-involved premises. If convicted, defendant Walker faces at least a 10-year mandatory minimum term of imprisonment and up to life imprisonment. Dkt. No. 1; 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).

  Pursuant to 18 U.S.C. § 3145(b), defendant Walker appeals a detention order of Magistrate Judge Michael J. Roemer entered on December 18, 2018 after oral findings on December 12, 2018. *See* Dkt. Nos. 11 and 14. The defendant contends that stringent conditions of release that he proposes, including home detention with geolocation monitoring, are sufficient to assure his appearances as required and the safety of the community. Upon due consideration, the Court finds the defendant has not overcome applicable statutory presumptions of flight risk and danger at 18 U.S.C. § 3142(e)(3), and that the defendant should be detained pending trial for substantially the reasons stated by the Magistrate Judge during the defendant's detention hearing.

## DISCUSSION

The Court assumes the parties' familiarity with the facts they have proffered, the procedural history, and the issues on review. Under the Bail Reform Act of 1984, a criminal defendant awaiting trial must be released on bail unless the defendant presents an unreasonable risk of flight or "will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). To determine whether bail can be set, that is, whether there are available conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community, a court considers the factors listed in 18 U.S.C. § 3142(g):

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; (B) whether at the time of the current offense or arrest [the person was under court supervision]; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id*. (ellipses supplied).

For serious narcotics offenses – Title 21 offenses punishable by ten years or more imprisonment – a finding of probable cause to believe that such an offense was committed, and that the defendant was the person who committed it, gives rise to a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18

U.S.C. § 3142(e)(2). An indictment establishes probable cause; no independent finding of probable cause the court is necessary. *United States v. Contreras*, 776 F.2d 51, 55 (2d Cir. 1985).

The United States has the burden to show by clear and convincing evidence that the danger posed by the defendant cannot be alleviated by any combination of bail conditions. *See United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). The United States has the burden to show by a preponderance of the evidence a serious risk of flight for which no conditions will reasonably assure the defendant's appearance in court. *Id*. In determining whether there are conditions of release that will reasonably assure the safety of the community or the defendant's appearance as required, the court must consider the factors in 18 U.S.C. § 3142(g) that are quoted above.

When the § 3142(e) rebuttable presumption in favor of detention arises, the United States retains the burden of persuasion in support of detention, and "a defendant must introduce some evidence contrary to the presumed fact[s] to rebut the presumption." *United States v. Rodriguez*, 950 F. 2d 85, 88 (quotation omitted) (2d Cir. 1991). "Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant." *Id*. One of the § 3142(e) presumptions may is alone be sufficient to sustain the United States' burdens of proof on danger and risk of flight. *Id*.

When reviewing a magistrate judge's detention order, a district court does "not simply defer to the judgment of the magistrate, but reach[es] its own independent conclusion." *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) (discussing 18

3

U.S.C. § 3145(b)).  The court performs a *de novo* review of the magistrate judge's release order.  *Id*.  When conducting such *de novo* review, the court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence.  *United States v. Colombo*, 777 F.2d 96, 98 (2d Cir. 1985).

In this case, the Court finds that defendant Walker poses a serious risk of flight and a danger to the community.  On appeal, the defendant primarily emphasizes his ties to the community and argues that the stringent conditions he has proposed will adequately assure his appearances as required.  But the United States proffers evidence tending to prove the controlled substance offenses with which the defendant is charged that is strong evidence that he may be guilty of those offenses.  Copies of text messages and law enforcement surveillance link him to controlled buys of controlled substances, and the United States has witnesses it expects will testify on personal knowledge about the defendant's participation in the drug-trafficking conspiracy involving more than a kilogram of heroin.

In addition, proffered evidence shows that pending investigations of defendant Walker's role in two uncharged murders related to this case, the murder of Ryan Thurnherr on October 16, 2018, and the murder of Jordan Richardson on April 3, 2018, are very serious investigations that have developed evidence implicating the defendant in the murders.  Because the defendant faces a 10-year mandatory minimum term of imprisonment and up to life imprisonment based upon on strong evidence of his guilt of controlled-substance offenses charged in the Indictment, and also faces two serious murder investigations, the defendant has a compelling incentive to attempt to flee.  *See e.g.*, *United States v. Sabhnani*, 493 F.3d 63, 76 (2d Cir. 2007).  Despite the

defendant's ties to the community, the Court agrees with the Magistrate Judge that the preponderance of the evidence before the Court, and the statutory presumption of flight risk, establish that the conditions of release that the defendant proposes — or any other set of available conditions of which the Court is aware — will not reasonably assure his appearances as required.

Similarly, the Court finds that the United States has established by clear and convincing evidence that defendant Walker is a danger to the community and by the same standard that any set of available conditions that might be imposed on his release will not adequately assure the safety of the community. The defendant has been arrested and convicted of offenses while he was under court supervision before, and he was under court supervision during the drug-trafficking conspiracy with which he is credibly charged in the Indictment. His criminal record, and the evidence of his participation in the drug-trafficking conspiracy charged in the Indictment, involved his use of cell phones and lower-level dealers to distribute heroin. Electronic monitoring will not prevent that sort of pretrial recidivism on the part of the defendant. Accordingly, under all the circumstances and substantially for the reasons more fully articulated by the Magistrate Judge, the Court finds the defendant is a danger to the community who must be detained pending trial.

## CONCLUSION

For the foregoing reasons, defendant Walker's motion pursuant to 18 U.S.C. § 3145(b) (Dkt. Nos. 16, 30, 40, and 50) to revoke Magistrate Judge Roemer's pretrial detention order (Dkt. Nos. 11 and 14) is denied. Defendant Walker shall remain committed to custody of the Attorney General pursuant to 18 U.S.C. § 3143(e) for

confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Attorney General shall afford the defendant a reasonable opportunity for private consultation with counsel.  This ruling is without prejudice to the defendant's right to the presumption of innocence, and to his right, pursuant to 18 U.S.C. § 3142(f), to seek reconsideration of his pretrial detention based upon changed circumstances.

 **IT IS SO ORDERED.**

          _s/Richard J. Arcara_
          HONORABLE RICHARD J. ARCARA
          UNITED STATES DISTRICT COURT

Dated:  September 20, 2019