# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.                                            Case No. 1:18-cr-00237-JLS-MJR-1

DONTE WALKER,

Defendant-Movant.

_____/

# MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

**NOW COMES** the Defendant-Movant, Donte Walker, Reg. No. 28460-055, and respectfully submits this Motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence imposed by this Court on August 2, 2023. Mr. Walker asserts that his conviction and sentence were obtained in violation of the Constitution of the United States due to ineffective assistance of counsel, violations of the Confrontation Clause, multiplicity of charges in violation of the Double Jeopardy Clause, insufficiency of the evidence, erroneous jury instructions, admission of highly prejudicial and irrelevant evidence, and cumulative trial error that rendered his trial fundamentally unfair.

1

## I. PROCEDURAL HISTORY AND BACKGROUND

Mr. Walker was indicted on November 28, 2018, and charged with multiple counts, including:

- Continuing Criminal Enterprise (21 U.S.C. § 848(a));

- Narcotics Conspiracy Resulting in Death (21 U.S.C. §§ 841, 846);

- Murder While Engaged in a Continuing Criminal Enterprise (21 U.S.C. § 848(e)(1)(A));

- Witness Tampering (18 U.S.C. § 1512(a)(1)(C), (E), and 2);

- Use of a Firearm in Furtherance of Drug Trafficking (18 U.S.C. §§ 924(c), 924(j)).

After a jury trial, Mr. Walker was convicted on all counts and sentenced to life imprisonment plus 240 months. His conviction was affirmed on appeal by the Second Circuit on November 5, 2024, in United States v. Walker, No. 23-6876-cr (2d Cir. 2024).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution or laws of the United States, or is otherwise subject to collateral attack. Relief is appropriate where there has been a "fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

## III. GROUNDS FOR RELIEF

Ground One: Ineffective Assistance of Counsel (Sixth Amendment)

Under Strickland v. Washington, 466 U.S. 668 (1984), Mr. Walker must show deficient performance and prejudice. His counsel's performance fell below an objective standard of reasonableness in the following ways:

1. Failure to argue Double Jeopardy between Count 1 (CCE) and Count 2 (Conspiracy). See Rutledge v. United States, 517 U.S. 292 (1996).

2. Failure to argue Count 2 death enhancement under 21 U.S.C. § 841(b)(1)(C) where the government failed to prove "but for" causation. See Burrage v. United States, 571 U.S. 204 (2014).

3. Failure to argue insufficiency of evidence for Counts 3, 4, and 5 involving the homicide of Ryan Thurnherr. See Fowler v. United States, 563 U.S. 668 (2011); United States v. Pizzaro, 717 F. App'x 125 (2d Cir. 2019).

4. Failure to argue aiding and abetting liability under § 2 was misapplied. See United States v. Aiello, 864 F.2d 257 (2d Cir. 1988).

5. Failure to argue new trial due to prejudicial evidence relating to uncharged homicide (Jordan Richardson) and firearms. See Fed. R. Evid. 402, 403, 404(b); United States v. Pascarella, 84 F.3d 61 (2d Cir. 1996).

6. Failure to challenge erroneous jury instructions on CCE and aiding/abetting liability.

7. Improperly conceding Counts 7–11 without client's consent.

Each of these failures prejudiced Mr. Walker as they directly resulted in multiple life sentences.

3

Ground Two: Violation of Confrontation Clause

Admission of testimonial hearsay from co-conspirators violated Crawford v. Washington, 541 U.S. 36 (2004).

Ground Three: Multiplicity of Charges (Double Jeopardy)

Counts 3, 4, and 5 punished the same homicide under three different statutes, violating the Fifth Amendment. See Blockburger v. United States, 284 U.S. 299 (1932).

Ground Four: Insufficient Evidence on Count 4

Government failed to prove intent to prevent communication with federal officials. See Fowler v. United States, 563 U.S. 668 (2011).

Ground Five: Misapplication of CCE Law

Government failed to show managerial role or provide jury unanimity instruction. See United States v. Jerome, 942 F.2d 1328 (2d Cir. 1991).

Ground Six: Alternate Motive Evidence Ignored

Failure to consider alternate suspect (Steve McAllister). See United States v. Glenn, 312 F.3d 58 (2d Cir. 2002).

Ground Seven: Brady Violations & Prosecutorial Misconduct

Government failed to disclose exculpatory evidence. See Brady v. Maryland, 373 U.S. 83 (1963).

Ground Eight: Cumulative Error

Combined effect of multiple errors denied due process. See Taylor v. Kentucky, 436 U.S. 478 (1978).

## IV. REQUEST FOR EVIDENTIARY HEARING

Pursuant to Rule 8 of the Rules Governing § 2255 Proceedings, Mr. Walker requests a hearing to address his claims, including ineffective assistance of counsel, insufficiency of evidence, Brady violations, improper jury instructions, and cumulative error. See Machibroda v. United States, 368 U.S. 487 (1962).

## V. PRAYER FOR RELIEF

**WHEREFORE,** Mr. Walker respectfully requests that this Honorable Court:

1. Grant this Motion under 28 U.S.C. § 2255;

2. Vacate his conviction and sentence;

3. Dismiss Count 4 as unsupported by sufficient evidence;

4. Order a new trial or grant release;

5. Grant an evidentiary hearing;

6. Appoint counsel under the Criminal Justice Act; and

7. Grant such other relief as may be just and proper.

Dated: 10/30/2025

Respectfully submitted,

*/s/ Donte Walker*
/s/ Donte Walker
Reg. No. 28460-055

# CERTIFICATE OF SERVICE

I hereby certify that on this 30 day of October, 2025, a true and correct copy of the foregoing motion under 28 U.S.C. § 2255 was served upon:

Office of the United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, NY 14202

*/s/ Donte Walker*
/s/ Donte Walker

My Name Is Donte Walker 28460-055 i am currently Housed at USP LEE. I am Having my Fiance Ashlie Graham Sign, and send my 2255 Motion in my behalf. I have tried multiple times to Have my motion mailed to me for over a month but for some reason the Mail Room has not gave me a copy of my motion. My Deadline is approaching so I have no other choice but to Mail my motion 3rd party via Ashlie Graham. Also I wrote the Clerks office in August asking for a extension for my 2255 motion, and i never received a Response so I was forced to just put forward a 2255 motion to not be Barred, and miss the DeadLine.

* Finalized copy mailed to USP Lee Oct 1st mail not given to Donte Walker
* Remailed (Time Sensitive) and Confirmation Delivered Oct 23 at USP LEE
  tracking 9505 5127 1221 5291 5189 US8
* mailed not given Donte Walker
* Remailed (Time Sensitive) Oct 30 to USP LEE
  tracking 9510 8112 5414 5303 8409 56
* multiple calls attempting to Reach USP Lee Unit team and/or mail Room Supervisor Directly without any resolution in Mr. Walker receiving Certified mail; almost month long re attempts.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.                                          Case No. 1:18-cr-00237-JLS-MJR-1

DONTE WALKER,

Defendant-Movant.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Defendant-Movant Donte Walker respectfully submits this Memorandum of Law in support of his Motion pursuant to 28 U.S.C. § 2255. Mr. Walker contends that his conviction and sentence were obtained in violation of the United States Constitution. The errors at trial and on appeal were of such magnitude that they resulted in a complete miscarriage of justice. This memorandum consolidates all of Mr. Walker's concerns and expands upon each ground with detailed case law, rules, and legal opinions.

7

## I. LEGAL STANDARD

28 U.S.C. § 2255 provides that a prisoner in federal custody may move to vacate, set aside, or correct a sentence if it was imposed in violation of the Constitution or laws of the United States, if the court lacked jurisdiction, if the sentence exceeded the statutory maximum, or if it is otherwise subject to collateral attack. Relief is warranted where an error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

## II. GROUNDS FOR RELIEF

Ground One: Ineffective Assistance of Counsel

The Sixth Amendment guarantees the right to effective assistance of counsel. Under Strickland v. Washington, 466 U.S. 668 (1984), a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced the defense. The failures of trial and appellate counsel in this case were numerous and devastating.

A. Failure to Argue Double Jeopardy: Counsel failed to argue that conviction under both Count 1 (CCE) and Count 2 (Conspiracy) was barred. In Rutledge v. United States, 517 U.S. 292 (1996), the Court held that conspiracy is a lesser included offense of CCE. See also United States v. Polanco, 145 F.3d 536 (2d Cir. 1998). Had counsel raised this, Count 2 should have been vacated.

B. Failure to Argue Death Enhancement: The government failed to prove that the overdose death of Michael O'Connor was caused "but for" by drugs

8

allegedly distributed by Mr. Walker. See Burrage v. United States, 571 U.S. 204 (2014). Dr. Powers testified that O'Connor's heart condition could not be ruled out as the cause of death, while government witnesses relied on speculation. Failure to raise this issue deprived Mr. Walker of relief from a life sentence under § 841(b)(1)(C).

C. Failure to Properly Argue Homicide Counts: Counsel failed to argue sufficiency of evidence on Counts 3–5 relating to Ryan Thurnherr. In Fowler v. United States, 563 U.S. 668 (2011), the Supreme Court held the government must prove a reasonable likelihood of communication with federal officers. No such evidence was presented here. See also United States v. Pizzaro, 717 F. App'x 125 (2d Cir. 2019).

D. Failure to Contest Aiding and Abetting Liability: The aiding and abetting instruction was flawed. United States v. Aiello, 864 F.2d 257 (2d Cir. 1988) makes clear that liability under § 2 requires proof that another person committed the crime. Here, no such evidence existed.

E. Failure to Exclude Prejudicial Evidence: Counsel failed to challenge introduction of uncharged homicide evidence (Jordan Richardson) and firearms found in a storage locker. This evidence should have been excluded under Fed. R. Evid. 402, 403, and 404(b). See United States v. Pascarella, 84 F.3d 61 (2d Cir. 1996). Its admission unfairly prejudiced the jury.

F. Jury Instructions: Trial counsel objected to flawed CCE instructions, but appellate counsel failed to raise the issue. The jury was not instructed to unanimously agree on the same five supervisees. See United States v. Jerome, 942 F.2d 1328 (2d Cir. 1991). Likewise, aiding and abetting instructions were deficient.

9

G. Conceding Counts Without Consent: Counsel conceded Counts 7–11 against Mr. Walker's wishes, violating his autonomy over fundamental trial decisions. See McCoy v. Louisiana, 584 U.S. 414 (2018).

Ground Two: Confrontation Clause Violation

The admission of testimonial hearsay statements by alleged co-conspirators violated the Sixth Amendment. Crawford v. Washington, 541 U.S. 36 (2004) requires live testimony subject to cross-examination. The Second Circuit has recognized limits on Rule 801(d)(2)(E). See United States v. Farhane, 634 F.3d 127, 161–62 (2d Cir. 2011).

Ground Three: Multiplicity of Charges (Double Jeopardy)

Counts 3, 4, and 5 punished the same alleged homicide three times under different statutes, violating Blockburger v. United States, 284 U.S. 299 (1932). Rutledge v. United States, 517 U.S. 292 (1996), vacated a CCE conviction where it duplicated a conspiracy conviction.

Ground Four: Insufficiency of the Evidence

The government failed to prove Count 4 (witness tampering homicide) beyond a reasonable doubt. In Fowler v. United States, 563 U.S. 668 (2011), the Court required proof of a reasonable likelihood that the victim would have communicated with federal officers. Witness testimony showed Thurnherr would "never cooperate," defeating this element. See United States v. D'Amato, 39 F.3d 1249 (2d Cir. 1994).

Ground Five: Misapplication of CCE Statute

The government failed to establish Mr. Walker as an organizer or supervisor of five or more persons under 21 U.S.C. § 848. In United States v. Witek, 61 F.3d 819 (11th Cir. 1995), the court held that fronting drugs alone does not constitute management. United States v. Lindsey, 123 F.3d 988 (7th Cir. 1997) similarly rejected minimal supervisory roles.

Ground Six: Alternate Motive Evidence

Steve McAllister had independent motives to harm Thurnherr. Failure to present this alternative theory deprived Mr. Walker of a meaningful defense. See United States v. Glenn, 312 F.3d 58 (2d Cir. 2002).

Ground Seven: Brady Violations and Prosecutorial Misconduct

The prosecution failed to disclose exculpatory evidence, violating Brady v. Maryland, 373 U.S. 83 (1963). Evidence undermining the government's theory of motive was suppressed, depriving Mr. Walker of a fair trial.

Ground Eight: Cumulative Error

Even if each error individually might not warrant reversal, their combined effect rendered the trial fundamentally unfair. See Taylor v. Kentucky, 436 U.S. 478 (1978); United States v. Al-Moayad, 545 F.3d 139 (2d Cir. 2008).

## III. REQUEST FOR EVIDENTIARY HEARING

Pursuant to Rule 8 of the Rules Governing § 2255 Proceedings, Mr. Walker requests an evidentiary hearing to address all claims. See Machibroda v. United States, 368 U.S. 487 (1962).

## IV. CONCLUSION AND PRAYER FOR RELIEF

For the reasons set forth above, Mr. Walker respectfully requests that this Court grant his motion, vacate his conviction and sentence, dismiss Count 4, and order a new trial or immediate release. In the alternative, he requests an evidentiary hearing and appointment of counsel under the Criminal Justice Act.

Dated: 10/30/25

Respectfully submitted,

/s/ Donte Walker
Reg. No. 28460-055




PME
BUFFALO, NY 14240
OCT 31, 2025
14204
$45.90
RDC 07
S2324N504566-23

**UNITED STATES POSTAL SERVICE** — **PRIORITY MAIL EXPRESS**

EI 377 417 290 US

BC 11/1/25 9:45 AM

18-CR-237

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)

DONTE, WALKER
USP LEE
PO BOX 305
JONESVILLE, VA 24263-0305

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required

TO: (PLEASE PRINT)

CLERK OF COURT U.S. District Court
WESTERN DISTRICT OF NEW YORK
2 NIAGARA SQUARE
BUFFALO, NY 14204

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 14240
Scheduled Delivery Date: 11/02/25
Postage: $45.90
Date Accepted: 10/31/25
Time Accepted: 11:56 AM
Weight: 3 lbs 7 ozs
Acceptance Employee Initials: M.Y
Total Postage & Fees: $45.90

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt: 11/1/2025  Time: 9:45 AM  Employee Signature: AP 230

LABEL 11-B, MAY 2021    PSN 7690-02-000-9996

EP13F October 2023
OD: 12 1/2 x 9 1/2